THE STATE, EX REL. SCANLAN, *v.* COURT OF COMMON PLEAS OF HAMILTON COUNTY ET AL.

[Cite as State, ex rel. Scanlan, v. Court of Common Pleas (1970), 24 Ohio St. 2d 92.]

(No. 70-557—Decided November 25, 1970.)

*Mr. Dennis G. Scanlan, in propria persona.*

*Mr. Melvin G. Rueger,* prosecuting attorney, and *Mr. Leonard Kirschner,* for respondents.

*Per Curiam.* This is an action in mandamus originating in this court. Relator is seeking to compel the respondents to act on a second postconviction remedy petition. Respondent filed a motion to dismiss.

In 1966, relator, while represented by retained counsel, pleaded guilty to unlawful entry of a financial institution and shooting with intent to kill. In 1969, relator filed a postconviction remedy petition. The court dismissed the petition and made findings of fact and conclusions of law. The Court of Appeals affirmed.

In the instant case, relator alleges in his petition that he sent a second postconviction remedy petition to one of the judges of the Court of Common Pleas of Hamilton County.

The state has filed a copy of the Court of Common Pleas docket which shows that relator has no case presently pending therein.

Relator is seeking to compel action on a petition which has never been filed. The mere sending of a petition to a judge does not constitute a filing, nor is the judge receiving a petition under a duty to file it.

Before a writ of mandamus will issue, the relator must show a clear legal duty on the respondent to act. Here the relator has set forth no clear legal duty on either of the respondents. The court has nothing before it upon which to act.

The motion is sustained and the petition is dismissed.

*Petition dismissed.*

O'NEILL, C. J., HERBERT, DUNCAN, CORRIGAN, STERN and LEACH, JJ., concur.

SCHNEIDER, J., concurs in judgment only.